UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO HERNANDEZ, JR., | Case No.  1:26-cv-00780-HBK |
| Plaintiff, | ORDER DIRECTING CLERK TO RANDOMLY ASSIGN THIS CASE TO DISTRICT JUDGE |
| v. | |
| CITY OF REEDLEY, et. al., | FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER[1] |
| Defendant. | |
| | (Doc. 8) |

Pending before the Court is Plaintiff's motion for a temporary restraining order filed April 2, 2026.  (Doc. 8).  Plaintiff paid the requisite filing fee (receipt no. 100007121) and proceeds pro se on his First Amended Complaint ("FAC")  filed on February 3, 2026.  (Doc. 3).[2]  For the reasons stated below, the undersigned recommends that Plaintiff's motion be denied.

**I.      BACKGROUND**

Plaintiff Ernesto Hernandez, Jr. brings this motion against Defendants City of Reedley, Jesalyn Harper, Rodney Hurton, Eric Pankratz, Lawrence Wilder, Nicole Zieba, Home Helpers Partners LLC, Chicago Title Company, Diamante Brillante LLC, and Grey Investments LLC

---

[1] This action is referred to the undersigned by pursuant to 28 U.S.C. § 636 and Local Rule 302.

[2] On April 2, 2026, Plaintiff filed a motion for extension of time to file a second amended complaint. (Doc. 9).  Plaintiff does not attach a proposed second amended complaint so the Court considers the FAC the operative pleading.

(together, "Defendants").[3] (Doc. 8; *see generally* docket). Plaintiff alleges that his grandmother's property, located at 1285 N. Magnolia Ave, Reedley, CA, received a Notice and Order to Abate Public Nuisance in March 2026. (Doc. 8 at 2). Plaintiff attaches the Notice and Order to Abate Public Nuisance to the instant motion. (*Id.* at 5-11). Plaintiff alleges that this was "retaliatory in nature" because it began after he filed the instant "federal civil right action under 42 U.S.C. § 1983 against the City of Reedley and associated officials." (*Id.* at 2). According to Plaintiff, "Defendants have engaged in ongoing, escalating conduct" which includes "[e]ntering or surveilling private property without a warrant," and "[t]aking photography from neighboring yards where the property is not visible from public view." (*Id.* at 3).

The instant motion seeks emergency injunctive relief to stop Defendants from "all enforcement actions" at his grandmother's house and to order Defendants to "[r]efrain from entering or surveilling the property without a warrant," "[c]ease photographing or observing the property from non-public areas," and " to [r]efrain from any retaliatory conduct against Plaintiff or his family." (*Id.* at 4).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders, and requires that a motion for a temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate, and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). This court's Local Rules also set forth certain procedural mandates for a temporary restraining order to issue, including that the movant provide the following documents: (1) a complaint; (2) a motion for temporary restraining order; (3) a brief on the relevant legal issues; (4) an affidavit to support the existence of irreparable harm; (5) an affidavit detailing the notice or efforts undertaken or showing good cause why notice

---

[3] Plaintiff does not name which Defendants the instant motion is being brought against, but rather just refers to "Defendants" generally. (*See, e.g.*, Doc. 8 at 2). Accordingly, the Court presumes Plaintiff brings this motion against all Defendants named in this action.

should not be given;  (6) a proposed temporary restraining order and provision for bond; (7) a proposed order with blanks for fixing time and date for a hearing; and (8) where a temporary restraining order is requested *ex parte*, the proposed order shall further notify the affected party of the right to apply to the Court for modification or dissolution on two (2) days' notice or such shorter notice as the Court may allow.  Local Rule 231(c) (E.D. Cal. 2026).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions, with the exception that preliminary injunctions require notice to the adverse party. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.,* 181 F.Supp.2d 1111, 1126 (E.D. Ca. 2001); *see also* Fed. R. Civ. P. 65(a).  Local Rule 231, however, requires notice for temporary restraining orders as well, "[e]xcept in the most extraordinary of circumstances," and the court considers whether the applicant could have sought relief by motion for preliminary injunction at an earlier date.  Local Rule 231 (a)-(b) (E.D. Ca. 2026).  A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

A temporary restraining order is "an extraordinary remedy" and may be issued only if plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008). Plaintiff bears the burden of clearly satisfying all four prongs.  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  A temporary restraining order will not issue if plaintiff merely shows irreparable harm is possible – a showing of likelihood is required. *Id.* at 1131.

The injunctive relief sought by the applicant must relate to the claims brought in the complaint.  *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").  Absent a nexus between the injury

3

claimed in the motion and the underlying complaint, the court lacks the authority to grant plaintiff any relief.  *Id.* at 636.

### III.    ANALYSIS

Plaintiff's four-page motion for a temporary restraining order is procedurally deficient and facially fails to comport with Rule 65 or Local Rule 231.  Even construing the instant motion liberally, Plaintiff fails to comply with Local Rule 231(c) because he does not submit a proposed temporary restraining order, a provision for bond, or a proposed order with blanks for fixing time and date for a hearing.  In addition, Plaintiff's assertion that notice should not have been given for the instant motion because it would likely result in "[f]urther escalation," "[d]estruction or concealment of evidence," and "[a]cceleration of enforcement actions" is conclusory as it does not explain why these results are likely to occur.  (Doc. 8 at 2).  This is insufficient to meet Local Rule 231(a)'s notice requirement for temporary restraining orders "[e]xcept in the most extraordinary of circumstances."

Critical here, the instant motion is not related to the claims in Plaintiff's operative FAC. The instant motion seeks emergency injunctive relief to stop actions from being taken against Plaintiff's grandmother's house located at 1285 N. Magnolia Ave, Reedley, CA, while the FAC's allegations relate to actions that were previously taken against property owned by Plaintiff, which is located at 960 W. Friesen Ave, Reedley, CA.  (*Compare* Doc. 3 at 12, 16, *with* Doc. 8 at 2-3). Therefore, the court lacks authority to grant Plaintiff any relief.  *Pac. Radiation*, 810 F.3d at 633, 636 ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

Furthermore, Plaintiff does not demonstrate a likelihood of success or irreparable harm. While Plaintiff's motion includes sections purporting to address each, they are presented in a conclusory manner.  In addressing whether there is a likelihood of success on the merits, Plaintiff simply states that he is "likely to succeed" and then lists three of the six claims from his First Amended Complaint without providing any explanation.  (Doc. 8 at 3).  And in addressing irreparable harm, Plaintiff asserts without any explanation that there will be a "[l]oss of housing/forced displacement," "[c]ontinued unlawful surveillance," "[c]onstitutional violations

4

(which courts recognize as irreparable harm per se)." (*Id.*).  Plaintiff has failed to carry his burden to establish either a likelihood of success on the merits or that he will suffer irreparable harm if relief is not granted.

For all the reasons set forth above, the undersigned finds that this case does not involve extraordinary circumstances warranting the issuance of a temporary restraining order and recommends that the district court deny Plaintiff's motion for a temporary restraining order.

Accordingly, it is **ORDERED**:

The Clerk of Court randomly assign this case to a district judge for purposes of these Findings and Recommendations.

It is further **RECOMMENDED** that Plaintiff's motion for a temporary restraining order (Doc. 8) be DENIED.

////

////

### NOTICE TO PARTIES

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id.*; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed fifteen (15) pages.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).  These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

Appellate Procedure, should not be filed until entry of the District Court's judgment.


Dated:    April 6, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE