UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO HERNANDEZ, JR., | Case No.  1:26-cv-00780-JLT-HBK |
| Plaintiff, | ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO CONDUCT EARLY DISCOVERY |
| v. | |
| CITY OF REEDLEY, et. al., | (Doc. 19) |
| Defendants. | |

Plaintiff Ernesto Hernandez, Jr. filed an *ex-parte* motion for leave to conduct early discovery on April 21, 2026.  (Doc. 19).  Plaintiff, proceeding pro se on his Second Amended Complaint, seeks to serve a *subpoena duces tecum* on Pacific Gas and Electric Company ("PG&E") prior to the Rule 26(f) discovery conference to obtain documents related to the alleged intentional disconnection of utilities at 960 W. Friesen Ave., Reedley, CA.  (*Id.* at 2).  It appears the PG&E account is not in Plaintiff's name, but in the name of Jessica Delara.  Delara submitted a declaration stating she has been present with Plaintiff during the events described in the Second Amended Complaint, including the utilities disconnection, and that she was the account holder at the time.  (Doc. 21 at 1-2).  The nature of the relationship between Plaintiff and Delara remains unclear.

Plaintiff seeks to subpoena from PG&E: (1) all service orders, disconnect, and reconnect orders from January 1, 2025, through October 31, 2025; (2) all internal communications, notes,

memoranda, or records, including records maintained by PG&E's Building and Renovations Department, referencing "code enforcement," "City of Reedley," "Harper," or "Hernandez" in connection with Delara's account; (3) the name, title, and contact information of the person or entity who requested or authorized the disconnection on or about August 12, 2025; and (4) all records documenting the reason for the disconnection, including any written requests from the City of Reedley or any code enforcement officer.  (Doc. 19 at 2-3).  Plaintiff asserts good cause exists because the records are critical to his claims, may be lost or overwritten, will not prejudice a non-party utility company, and cannot be obtained through voluntary means. (*Id.* at 3-4).

Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."  Fed. R. Civ. P. 26(d)(1).  Rule 45 governs subpoenas to obtain documents or testimony from non-parties, and such subpoenas are treated as orders of the court. *See* Fed. R. Civ. P. 45; *McKeon v. Cent. Valley Cmty. Sports Found.*, 2019 WL 1208986, at *2 (E.D. Cal. Mar. 14, 2019) (collecting cases).

Courts may authorize discovery prior to the Rule 26(f) conference upon a showing of good cause, meaning that 'the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'"  *Chung v. San Diego Police Dep't & City of San Diego*, No. 3:25-CV-02686-JES-KSC, 2026 WL 926714, at *7 (S.D. Cal. Apr. 6, 2026) (quoting *Semitool, Inc. v. Tokyo Electron Am. Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)).  In evaluating whether good cause exists, courts consider, among other things, whether the discovery is narrowly tailored and proportional to the needs of the case, whether the moving party has shown a concrete need for the requested information before the Rule 26(f) conference, and whether the subpoena would impose undue burden or expense on the non-party under Rule 45. *See* Fed. R. Civ. P. 26(b)(1), 45(d)(1), (d)(3); *Chung*, 2026 WL 926714, at *7*; *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009).

The Court does not find good cause for the expedited non-discovery Plaintiff seeks. While the alleged utilities disconnection relates to Plaintiff's claims and Plaintiff appears to have

attempted to obtain the records without court intervention, his assertion that P&G's records may be lost or overwritten before discovery commences is conclusory.  (Doc. 19 at 3-4).  Plaintiff identifies no specific retention policy, deadline, or other factual basis suggesting these records are at imminent risk of destruction before the Rule 26(f) conference or issuance of a scheduling order.

In addition, the proposed subpoena is not narrowly tailored.  Plaintiff seeks all service, disconnect, and reconnect orders for a ten-month period, as well as all internal communications and records referencing multiple terms, including government entities and individuals, in connection with Delara's account.  (Doc. 19 at 2–3).  This sweeping request is overbroad in both time and scope and is not limited to documents necessary to preserve evidence of the August 2025 disconnection or any particular alleged wrongful act.  *See Chung*, 2026 WL 926714, at *7 (finding overbroad early discovery request weighed against good cause).

Rule 45 factors also weigh against granting the motion. Under Rule 45, the Court must protect non-parties from undue burden or expense. Fed. R. Civ. P. 45(d)(1), (d)(3).  Plaintiff's proposed subpoena would require a non-party utility company to identify and collect all service orders, disconnect orders, reconnect orders, and internal communications over a ten-month period, across at least one department, using broad search terms. (Doc. 19 at 2–3).  On this record, that effort would impose a substantial burden on PG&E disproportionate to Plaintiff's minimal showing of urgency.  *See Chung*, 2026 WL 926714, at *7 (citing Am. LegalNet*, 673 F. Supp. 2d at 1067) (burden on non-parties weighs against early discovery).

Further, Plaintiff has not shown that the information he seeks cannot be obtained through ordinary discovery after the Rule 26(f) conference.  Plaintiff does not explain why targeted requests at the appropriate time would be ineffective or why immediate production is necessary to preserve his claims.  The ability to obtain the requested information later through standard discovery, combined with the breadth and burden of the proposed subpoena, undermines any claim that the need for expedited discovery outweighs the prejudice to the responding non-party.  *See Semitool*, 208 F.R.D. at 276.

*////*

3

Accordingly, considering Rule 26(d), the proportionality and relevance limits of Rule 26(b)(1), and the protections owed to non-parties under Rule 45, Plaintiff has not demonstrated good cause for early discovery.  The Court therefore denies Plaintiff's motion.

Accordingly, it HEREBY IS ORDERED:

Plaintiff's ex parte motion for leave to conduct early discovery (Doc. 19) is DENIED.

Dated:    May 10, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4