UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNESTO HERNANDEZ, JR.,

Plaintiff,

v.

CITY OF REEDLEY, et. al.,

Defendants.

Case No. 1:26-cv-00780-JLT-HBK

ORDER TAKING UNDER ADVISEMENT PLAINTIFF'S REQUEST FOR DISABILITY ACCOMODATION

(Doc. 42)

On June 2, 2026, Plaintiff filed a motion asking the Court to provide a reader at hearings based on his asserted reading disability. (Doc. 42). Plaintiff requests that Jessica Delara be permitted to sit with him during hearings or proceedings to read written materials aloud to him and to assist him in reading and understanding documents. (*Id.* at 1-2). Defendants City of Reedley, Jesalyn Harper, Rodney Hurton, Eric Pankratz, Steven Puryear, Lawrence Wilder, and Nicole Zieba filed an opposition, specifically objecting to Ms. Delara due to her witness status for this case. (Doc. 44). Plaintiff filed a reply agreeing to a neutral should the Court find Ms. Delara unsuitable. (Doc. 45).

As correctly noted by Defendants, by its terms, Title II of the Americans with Disabilities Act applies to "public entities," defined to include state and local governments and their agencies or instrumentalities, and does not extend to the federal judiciary, which is therefore not subject to the ADA's statutory requirements. Nevertheless, pursuant to Judicial Conference of the United

States policy, federal courts, including this Court, endeavor to provide reasonable accommodations to persons with communication-related disabilities in order to ensure meaningful access to court proceedings and effective communication with the Court. This Court's website includes an "Accommodations for Communication Disabilities" section that explains that, in keeping with Judicial Conference policy, the Eastern District "provides reasonable accommodations to persons with communications disabilities at the court's expense" and identifies Access Coordinators and contact information for such requests.[1]

Currently, however, no hearings or other in-person proceedings are currently scheduled in this matter. Accordingly, there is presently no specific proceeding for which a reader or similar aid is required, and the Court finds the request premature to the extent it seeks immediate, concrete accommodation for a non-existent hearing.

Accordingly, IT IS ORDERED:

1. Plaintiff's request for disability accommodation (Doc. 42) is TAKEN UNDER ADVISEMENT.
2. Should a hearing or other proceeding be scheduled, Plaintiff may renew his request for accommodation tailored to that proceeding, or the Court may revisit this request on its own motion at that time.
3. Upon the scheduling of any hearing, the Court will consider reasonable accommodation to ensure effective communication and access for Plaintiff, including, if appropriate, the provision of a reader or alternative means of making written materials accessible.

Dated: July 24, 2026

Helena M. Barch-Kuchta
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

[1] https://www.caed.uscourts.gov/caednew/index.cfm/attorney-info/accommodations-for-communication-disabilities/.