UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO HERNANDEZ, JR.,<br>Plaintiff,<br>v.<br>CITY OF REEDLEY, et. al.,<br>Defendants. | Case No. 1:26-cv-00780-JLT-HBK<br>ORDER GRANTING PLAINTIFF'S MOTION TO FILE SURREPLY;<br>ORDER STRIKING UNAUTHORIZED FILING AND TERMINATING MOTION<br>(Docs. 43, 47) |

On May 12, 2026, Defendants City of Reedley, Jesalyn Harper, Nicole Zieba, Eric Pankratz, Rodney Horton, Steven Puryear, and Lawrence Wilder filed a motion to dismiss. (Doc. 35). Plaintiff, proceeding pro se, filed an opposition. (Doc. 38). Defendants thereafter filed a reply. (Doc. 41). Following the reply, Plaintiff moved for leave to file a surreply, incorporating a proposed surreply. (Doc. 43). Plaintiff later filed supplemental declarations incorporating a request for leave to amend should the Court grant Defendants' motion to dismiss. (Doc. 47).

Surreplies are not contemplated as a matter of course by the Federal Rules of Civil Procedure or this Court's Local Rules and require leave of Court. *See Garcia v. Biter*, 195 F.Supp.3d at 1131 (E.D. Ca. July 18, 2016) (noting the plaintiff had no right to file a surreply under the Local Rules or the Federal Rules of Civil Procedure); *see also* L.R. 230 (permitting oppositions and replies to be filed as of right and providing that, after a reply is filed, no additional memoranda, papers, or materials may be filed without court approval). Whether to

permit a surreply lies within the Court's discretion. *Id.* at 1133 (other citations omitted). In exercising that discretion, the Court may consider Plaintiff's pro se status and the need to ensure that misunderstandings or mischaracterizations of a pro se litigant's position do not affect resolution of a dispositive motion. *Id.* Leave to file a surreply is typically granted only where the reply brief raises new arguments or presents new factual matters that the opposing party has not had a fair opportunity to address, and where a limited further response will assist the Court in resolving the motion on a clear and accurate record. *Warren v. City of Chico*, 2024 WL 4803960, at *1 (E.D. Cal. Nov. 15, 2024); *Hill v. England*, 2005 WL 3031136, at *1 (E.D. Cal. 2005).

Plaintiff contends that leave is warranted for two reasons: (1) Defendants' reply addresses the procedural status of Fresno County Superior Court Case No. 25CECG03738 and characterizes it as "ongoing," a characterization that Plaintiff disputes and was not previously raised; and (2) Plaintiff seeks to clarify Defendants' characterizations of his opposition and the averments in his Second Amended Complaint. (Doc. 43 at 1-2).

Plaintiff's motion is narrowly directed to clarifying and correcting certain statements in Defendants' reply concerning Plaintiff's position as set forth in his opposition, and to addressing matters that Plaintiff contends were raised for the first time in the reply. The proposed surreply is limited in length, confined to those issues, and will aid the Court in understanding the parties' respective positions without materially expanding the scope of the briefing. Under these circumstances, and considering Plaintiff's pro se status, the Court finds good cause to permit the surreply.

At the same time, the Court must maintain orderly motion practice. Plaintiff's supplemental declarations, filed after the opposition and reply without prior leave of Court are not necessary for the limited clarification permitted by this Order. Those materials are therefore not properly part of the motion to dismiss record and will be disregarded.

Accordingly, IT IS ORDERED:

1. Plaintiff's Motion for Leave to File Surreply to Defendants' Motion to Dismiss (Doc. 43) is GRANTED.

2. The Clerk is directed to file Plaintiff's motion that incorporates the proposed surreply (Doc. 43 at 2-9) as the operative surreply to Defendants' Motion to Dismiss.
3. Plaintiff's surreply shall be considered only to the extent it (a) addresses new arguments or factual assertions raised for the first time in Defendants' reply, or (b) clarifies or corrects Defendants' characterization of Plaintiff's position as stated in his opposition. The surreply may not introduce new claims, new legal theories, or new evidence unrelated to matters first raised in the reply.
4. The Clerk of Court shall STRIKE the supplemental declarations filed by Plaintiff without leave of Court (Doc. 47) and terminate the associated pending motion.
5. Defendants' Motion to Dismiss will be decided based on the operative complaint, the motion, the opposition, the reply, Plaintiff's surreply as limited by this Order, and any materials properly submitted in accordance with the Federal Rules of Civil Procedure, the Local Rules, and this Court's orders.

Dated: July 27, 2026

Helena M. Barch-Kuchta

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE